United States Court of Appeals,

Fifth Circuit.

No. 95-50350.

Richard R. BUCHANAN, Plaintiff-Appellee,

v.

CITY OF SAN ANTONIO, Defendant-Appellant.

June 13, 1996.

Appeals from the United States District Court for the Western District of Texas.

Before REAVLEY, GARWOOD and JOLLY, Circuit Judges.

REAVLEY, Circuit Judge:

Richard Buchanan sued the City of San Antonio under the Americans with Disabilities Act (ADA),[1] after the city repeatedly turned down his applications to become a city police officer. The district court awarded him a judgment of $300,000 in compensatory damages, together with back pay, attorney's fees and interest. We reverse and remand for further proceedings.

BACKGROUND

Buchanan is a patrolman with the Bexar County sheriff's department. He injured his back during a foot chase of a suspect in 1986. He claimed that he fully recovered from this injury. After being off work for a few months, he returned to duty with the sheriff's department, and testified that he has had no recurring problems with his back since that time.

Buchanan wanted to join the San Antonio police force, because

---

[1]42 U.S.C. §§ 12101-12213.

1

the pay and benefits were better than those offered by the sheriff's department. On numerous occasions he applied for a job with the police department, but was always turned down. He last applied for employment with the police department in April of 1992, and was rejected in October of 1992. The dates of his last application and rejection are relevant, since the ADA became effective on July 26, 1992.[2] The ADA is not applied retroactively.[3]

In August of 1993 he filed this suit under the ADA, alleging in general terms violation of the Act due to discrimination on the basis of disability. The case proceeded to trial. At the close of plaintiff's evidence, plaintiff moved for judgment as a matter of law. The motion was based on two specific violations of the ADA which were not pleaded in the complaint. Plaintiff claimed that he was entitled to judgment as a matter of law because the city had (1) subjected him to a physical examination before making a offer of employment, in violation of 42 U.S.C. § 12112(d), and (2) failed to keep information regarding his medical condition confidential and in a separate file, also in violation of 42 U.S.C. § 12112(d).

The district court took the motion for judgment under advisement at the close of the first day of trial. The next morning, the court announced that it was granting the motion, would allow each side a few minutes to look over the court's proposed charge, and would then charge the jury. By these actions the court

---

[2]*See* 42 U.S.C.A. § 12111 note.

[3]*Burfield v. Brown, Moore & Flint, Inc.,* 51 F.3d 583, 588 (5th Cir.1995).

made clear that it would not allow the introduction of any additional evidence. The court then instructed the jury that the city had violated the ADA and submitted two special interrogatories to the jury on damages. The jury answered "yes" to the first question, inquiring whether Buchanan "has sustained damages from Defendant City of San Antonio's violation of the [ADA]." It then awarded $300,000 in compensatory damages for "future pecuniary losses, emotional pain and suffering, inconvenience, and mental anguish." After the verdict, the district court entered judgment for this amount, and also awarded back pay, attorney's fees and post-judgment interest.

## DISCUSSION

A. *Judgment as a Matter of Law*

Judgment as a matter of law against a party is proper on an issue if "there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."[4] A judgment as a matter of law is appropriate if the facts and inferences point so strongly and overwhelmingly in favor of one party that reasonable people could not arrive at a verdict to the contrary.[5]

If anything, an even greater showing is required where, as here, the plaintiff moves for and receives judgment as a matter of law before the jury hears from the defendant. Rule 50 itself only contemplates judgment as a matter of law against a party after that

---

[4]FED.R.CIV.P. 50(a).

[5]*Texas Farm Bureau v. United States,* 53 F.3d 120, 123 (5th Cir.1995).

3

party "has been fully heard on an issue." While courts have the power to direct a verdict in plaintiff's favor at the close of plaintiff's case,

> [t]his power must nonetheless be exercised with great restraint in order to avoid the possibility that a party will be precluded from presenting facts which make out a question for the jury. Where there is any doubt at all as to the propriety of a directed verdict, district courts should not jump the gun but should wait until both sides have presented their evidence before ruling on motions for directed verdict.[6]

Buchanan did not establish as a matter of law a standard claim of discrimination under the ADA, and does not argue otherwise. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[7] A "disability" includes "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," "a record of such an impairment," and "being regarded as having such an impairment."[8] A "qualified individual with a disability" means "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the

---

[6]*United States v. Vahlco Corp.,* 720 F.2d 885, 889 (5th Cir.1983).

[7]42 U.S.C. § 12112(a).

[8]*Id.* § 12102(2).

4

employment position that such individual holds or desires."[9]

Buchanan did not establish as a matter of law that he has a "disability," that he was "a qualified individual with a disability," or that the city discriminated against him because of his disability. For example, evidence was introduced that Buchanan was rejected not because of his prior back injury, but because he had failed to wait one year from his prior rejection before reapplying, as required by city policy, and because of his prior work history.[10]

B. *Premature Physical and Confidentiality*

The basis for Buchanan's motion for judgment as a matter of law was two alleged specific violations of the ADA regarding employer information about an applicant's medical history. He

---

[9]*Id.* § 12111(8).

[10]For example, a city internal memorandum introduced by plaintiff requested that his application be rejected because of his past employment history and failure to wait one year before reapplying. Although the memo discusses his back injury, it states, as reasons for rejecting the application:

> During the investigation of applicant's May 12, 1989 application, Officer Burleson was advised by Captain D. Gabehart, for the Bexar County Sheriff's Department, that applicant "had a bad attitude, a person that wants to do things his own way regardless of procedures.["] He went on to say that applicant was rigid in his decision making with no flexibility, and that he would not be eligible for re-hiring.

> Applicant was enrolled at the U.S. Border Patrol Academy from Sept. '88 to Jan. '89 but was released after failing the mandatory Spanish test. When the Border Patrol Academy Director was contacted regarding applicant's academic record, I was advised that applicant was also failing several of the other courses, and that he was asked to resign.

5

relied on 42 U.S.C. § 12112(d), which prohibits an employer from conducting a medical examination of a job applicant unless, among other requirements, the employer has already made the applicant a job offer conditioned on a medical examination.  This provision of the ADA also provides that a post-offer medical examination is only allowed if (in addition to other requirements and exceptions not relevant here) "information obtained regarding the medical condition or history of the applicant is collected and maintained on separate forms and in separate medical files and is treated as a confidential medical record."

Buchanan established through the city's own records that Buchanan was given a medical examination in August of 1992, after the effective date of the ADA.  We cannot agree with the city that it conducted a medical examination only after it had made a conditional offer of employment.  While Buchanan did sign an acknowledgement in May of 1992 that he was receiving a conditional offer of employment, the document itself makes clear that the offer was not conditioned solely on a medical examination, but was instead conditioned on successful completion of "the entire screening process," which included "physical and psychological examinations, a polygraph examination, a physical fitness test, an assessment board, and an extensive background investigation."

Buchanan did not establish as a matter of law that the city failed to keep medical information obtained after the effective date of the ADA in a separate file and failed to treat such information as confidential.  While the evidence clearly showed

6

that information regarding Buchanan's medical condition was provided to the department officials in charge of hiring decisions after the effective date of the ADA, and that medical information was included in Buchanan's general personnel file, Buchanan did not establish that this information was obtained after the effective date of the Act. We agree with the EEOC that the ADA does not require the segregation or confidential treatment of medical information obtained before the effective date of the ADA.[11]

C. *Proof of Damages*

A further gap in support for this judgment is the absence of proof of damage, even if the other predicates had been established, caused by a premature medical examination. Our reading of the ADA requires a causal link between the violation and the damages sought by the plaintiff. The remedies provided under the ADA are the same as those provided by Title VII, 42 U.S.C. §§ 2000e-4 to 2000e-6, 2000e-8, 2000e-9.[12] Title VII allows a private suit by a plaintiff "aggrieved by the alleged unlawful employment practice."[13] Generally, relief is not afforded to the plaintiff if he was not hired or otherwise subjected to adverse employment action "for any reason other than discrimination...."[14] Title VII does recognize as an unlawful employment practice discrimination "which was a motivating factor for any employment practice, even though other

---

[11]*See* EEOC Notice No. 915.002 (May 19, 1994) (Example 3).

[12]*See* 42 U.S.C. § 12117(a).

[13]42 U.S.C. § 2000e-5(f).

[14]*Id.* § 2000e-5(g)(2)(A).

7

factors also motivated the practice."[15]  However, damages may not be awarded for such a violation if the defendant "would have taken the same action in the absence of the impermissible motivating factor...."[16]  In such circumstances relief is limited to certain declaratory and injunctive relief, costs and attorney's fees.[17] While the Civil Rights Act of 1991 expanded the type of damages which may be recovered under Title VII and the ADA to included punitive and general compensatory damages,[18] compensatory damages, like other damages, are not recoverable under Title VII (and derivatively under the ADA) unless the prohibited employment practice was the cause of the applicant's rejection.[19]

To be sure, the first interrogatory to the jury asked whether Buchanan had sustained damages "from" the city's violation of the ADA, and the jury was also instructed that it could only award damages that plaintiff proved were "caused" by the city's wrongful conduct.  However, the jury was not properly instructed that it must find a causal link between the specific ADA violations that were the basis of the directed verdict and the injuries sustained. The jury was never informed that the ADA violations found by the court as a matter of law pertained to the medical examination and

---

[15]*Id.* § 2000e-2(m).

[16]*Id.* § 2000e-5(g)(2)(B).

[17]*Id.* § 2000e-5(g)(2)(B)(i).

[18]42 U.S.C. § 1981a.

[19]In this regard we agree with the Eighth Circuit's recent analysis in *Pedigo v. P.A.M. Transport, Inc.,* 60 F.3d 1300, 1301-03 (8th Cir.1995).

8

disclosure of medical information.  Instead, it was instructed only that the court "has determined as matter of law that the City of San Antonio has violated the Americans with Disabilities Act." There was no finding, by the court or the jury, that Buchanan was not given a job offer because of the medical examination.  Again, there was considerable evidence to the contrary.  In addition to the evidence discussed above, the jury had before it evidence that the city was aware of Buchanan's back injury before the effective date of the ADA, and that it was able to offer jobs to only a small percentage of applicants.  Further, by granting the motion for judgment and cutting off additional evidence, the court deprived the city of an opportunity to offer further evidence that Buchanan would not have received a job offer even if the city had not conducted a pre-offer medical examination.

For the foregoing reasons, we remand the case to the district court for further proceedings consistent with this opinion.

REVERSED and REMANDED.

9