**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 7 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THEOLA ANN JARRETT,

     Plaintiff-Appellant,

v.

SPRINT/UNITED MANAGEMENT
COMPANY,

     Defendant-Appellee.

No. 99-3134
(D.C. No. 97-CV-2487)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Theola Ann Jarrett, proceeding pro se on appeal, appeals the district court's order resolving her employment claims in favor of defendant and its denial of her post-judgment motion. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Plaintiff was employed by defendant. In May of 1989, due to a mental disability, she was unable to return to work. She received short term disability benefits until November 17, 1989, when her long term disability benefits began. She claims she was discharged in violation of Title VII, the Rehabilitation Act, and the Americans with Disabilities Act (ADA). The district court entered summary judgment on plaintiff's claim that defendant's failure to accommodate her disability violated the Rehabilitation Act and the ADA, and dismissed her remaining claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Following the entry of judgment in favor of defendant, plaintiff filed a motion to set aside the judgment, pursuant to Fed. R. Civ. P. 59, which the district court denied.

On appeal, plaintiff asserts that the district court erred in denying her motion to set aside the judgment, claiming her attorney's illness had impaired his ability to represent her, her motion to compel discovery should have been granted, and the judgment violated her rights to due process and equal protection. Plaintiff also challenges the summary judgment and dismissal order on the

following grounds: (1) the district court erred in finding that plaintiff's employment was terminated on November 17, 1989 when her short term disability benefits expired, (2) defendant failed to meet its burden of production for summary judgment, (3) there exists a private right of action under the Rehabilitation Act, (4) defendant's contracts with the federal government qualified as a federal subsidy under the Rehabilitation Act, (5) plaintiff's claims pre-dated the ADA based on a continuing violation theory, and (6) the district court failed to address some of her claims.

We review the district court's denial of plaintiff's post-judgment motion for an abuse of discretion. See Phelps v. Hamilton , 122 F.3d 1309, 1324 (10th Cir. 1997). A Rule 59(e) motion should be granted only to correct errors of law or to consider newly discovered evidence. See id.

Plaintiff has demonstrated no prejudice due to her attorney's illness or the denial of her motion to compel. She has not alleged how her attorney's representation was compromised due to his illness during the summer before he was granted leave to withdraw on November 6, 1998. As for her motion to compel, she sought discovery relevant to her Rehabilitation Act claim, which, as we discuss below, she abandoned before the district court. Therefore, the discovery she sought was irrelevant. Furthermore, plaintiff failed to file an affidavit pursuant to Fed. R. Civ. P. 56(f). See United States v. Simons , 129 F.3d

-3-

1386, 1388 (10th Cir. 1997) ("Where a movant has met the initial burden required to support summary judgment, the non-movant then must either establish the existence of a triable issue of fact under Fed. R. Civ. P. 56(e) or explain why he cannot . . . under Rule 56(f).") (quotation omitted).

Plaintiff also claims that her due process and equal protection rights were violated, and the only way to vindicate those rights is to set aside the judgment and begin anew. The argument is nothing more than a request for another opportunity to resist entry of a judgment against her, which the district court was not obliged to entertain. See Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991) (appeal from denial of Rule 60(b) motion). Accordingly, we conclude that the district court did not abuse its discretion in denying plaintiff's post-judgment motion.

Turning to the judgment, we review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. See McKnight v. Kimberly Clark Corp., 149 F.3d 1125, 1128 (10th Cir. 1998). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c). Similarly, our review is de novo when considering an order dismissing a complaint for failure to state a claim for relief under

Rule 12(b)(6) of the Federal Rules of Civil Procedure, using the same standard applied by the district court. See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary , 163 F.3d 1150, 1152 (10th Cir. 1998). "We accept as true all well-pleaded facts, as distinguished from conclusory allegations, and view those facts in the light most favorable to the nonmoving party." Maher v. Durango Metals, Inc. , 144 F.3d 1302, 1304 (10th Cir. 1998). Dismissal of a complaint pursuant to Rule 12(b)(6) will be upheld only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson , 355 U.S. 41, 45-46 (1957).

The judgment was based in large part on two critical circumstances: (1) plaintiff abandoned her claims based on the Rehabilitation Act, and (2) plaintiff failed to controvert defendant's evidence that her employment was terminated on November 17, 1989, the date her temporary disability benefits ended, and before the effective date of the ADA. On the first point, in response to defendant's motions for summary judgment and dismissal, plaintiff acknowledged defendant's argument that she could not state a cause of action under the Rehabilitation Act and stated, "[w]ithout arguing those po[i]nts, Plaintiff contends that she brings her claims under the American[s] with Disabilities Act of 1990." R. vol. 2, doc. 77 at 5. The waiver of her Rehabilitation Act claims is clear and unequivocal. Because plaintiff waived

her claims brought pursuant to the Rehabilitation Act, we need not address her appellate issues based on it.    Cf. O'Connor v. City & County of Denver    , 894 F.2d 1210, 1214 (10th Cir. 1990) (appellate court will not consider claims abandoned in district court).

The other dispositive issue is whether plaintiff produced evidence to defeat summary judgment on defendant's assertion that her employment ended on November 17, 1989.  This factor is critical to plaintiff's ADA claims because the Act's effective date was July 26, 1992, well after the alleged termination date of November 17, 1989.  The ADA is not effective retroactively.    See 42 U.S.C. § 12111 note--Effective Date (ADA "shall become effective 24 months after the date of enactment [July 26, 1990].");    Huels v. Exxon Coal USA, Inc.    , 121 F.3d 1047, 1049 (7th Cir. 1997);    Morrison v. Carleton Woolen Mills, Inc.    , 108 F.3d 429, 443 (1st Cir. 1997);    Brown v. General Tel. Co.   , 108 F.3d 208, 209 (9th Cir. 1997);  Gonzales v. Garner Food Servs., Inc.    , 89 F.3d 1523, 1525 (11th Cir. 1996); Buchanan v. City of San Antonio    , 85 F.3d 196, 197 (5th Cir. 1996);    Smith v. United Parcel Serv. of Am., Inc.    , 65 F.3d 266, 266 (2d Cir. 1995);    cf. Office of Senate Sergeant at Arms v. Office of Senate Fair Employment Practices    , 95 F.3d 1102, 1107 (Fed. Cir. 1996) ("[T]he ADA, as incorporated into the [Government Employee Rights Act], does not require a retroactive accommodation for

a disability."). Therefore, if defendant's alleged violations of the ADA occurred before July 26, 1992, defendant cannot be held accountable under the ADA.

Defendant produced the affidavit of its Benefits Services Manager to establish plaintiff's termination date. See R. vol. 1, doc. 66, attach. B. Plaintiff argues that a document entitled "Individual Terminations," explaining long term disability coverage, refutes defendant's evidence. See id. vol. 2, doc. 77, ex. A. According to plaintiff, the Individual Terminations document provided that an insured was employed by defendant as long as he or she was receiving long term disability benefits. Plaintiff alleges she remained employed by defendant as late as 1993 because she received benefits for a short period during that year. The district court declined to consider the Individual Terminations document on summary judgment because it was not properly authenticated and did not establish that it applied during the dates in question, let alone that it proved that plaintiff continued to be defendant's employee as long as she received some form of long term benefits.

We will "consider only admissible evidence in reviewing an order granting summary judgment." Gross v. Burggraf Constr. Co., 53 F.3d 1531, 1541 (10th Cir. 1995). "[T]he nonmoving party need not produce evidence 'in a form that would be admissible at trial,' but the content or substance of the evidence must

be admissible." Thomas v. International Business Machs., 48 F.3d 478, 485 (10th Cir. 1995) (quoting Celotex Corp., 477 U.S. at 324).

Here, plaintiff merely attached the Individual Termination document to her affidavit. She did not establish its authenticity or legal relevance to her claims. Accordingly, we determine that the district court did not abuse its discretion in refusing to consider the Individual Terminations document. See Mitchael v. Intracorp, Inc., 179 F.3d 847, 854 (10th Cir. 1999) (district court's ruling to exclude evidence at summary judgment stage reviewed for abuse of discretion). Consequently, we hold that plaintiff failed to demonstrate a genuine issue of fact on the question of when her employment terminated. Her employment ended before the effective date of the ADA; therefore, the district court properly dismissed plaintiff's ADA claims.

Contrary to plaintiff's argument that defendant was required to demonstrate that its own witnesses would not help her case, we conclude that defendant met its initial burden on summary judgment. Cf. Celotex Corp., 477 U.S. at 323 (moving party not required to produce materials " negating the opponent's claim"). Plaintiff's continuing violation theory is rejected because she has offered no evidence to support it. Finally, we reject plaintiff's argument that not all of her claims were resolved because we determine that the district court's comprehensive orders resolved plaintiff's well-pleaded claims.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.  The mandate shall issue forthwith.

Entered for the Court

Wade Brorby
Circuit Judge