Reversed and Remanded and Opinion filed April 7, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00402-CV

___________________

 

Motor Components, LLC and BAM Enterprises,
Inc., Appellant

 

V.

 

Devon Energy Corporation,
Appellee



 



 

On
Appeal from the 165th District Court

Harris County,
Texas



Trial Court Cause No. 2009-79807

 



 

 

OPINION

            In
this interlocutory appeal, Motor Components, LLC and BAM Enterprises, Inc.
challenge the denial of their special appearances in a Texas
declaratory-judgment action.  Because the companies have insufficient contacts
with Texas to sustain the trial court’s exercise of personal jurisdiction, we
reverse the trial court’s ruling and remand the case to the trial court for the
dismissal and severance of the claims against them.

I.  Background

            In 1992,
Pennzoil Company, a Delaware corporation located in Texas, entered into an
Environmental Indemnification Agreement with its subsidiary, Purolator Products
Company (“Purolator”), a Delaware corporation located in Oklahoma.  Pennzoil
agreed to indemnify Purolator for certain costs of remediating Purolator’s real
property in New York (“the Elmira Facility”) and Michigan (“the Metamora
Landfill”).  Mark IV Industries, Inc. acquired Purolator in 1994, and parceled
it into separate divisions in 1997.  Two years later, Mark IV sold one of Purolator’s
divisions to Arvin Industries, Inc., and sold Purolator itself to CLARCOR,
Inc.  Also in 1999, Mark IV created a subsidiary, Motor Components, LLC, a
Delaware corporation with its principal place of business in New York.  Through
one or more transactions that are not described in the record, Motor Components
became the owner of the Elmira Facility and succeeded to Purolator’s rights
under the Environmental Indemnification Agreement. Motor Components was sold in
2002 to BAM Enterprises, Inc. (“BAM”), a New York corporation with its
principal place of business in New York.  

            In March
2009, Motor Components asked Pennzoil’s successor-in-interest, Devon Energy
Company, for authorization to incur certain expenses to determine if further
remediation of the Elmira Facility was necessary.  Although Devon is a Delaware
corporation with its principal place of business in Oklahoma, Devon’s in-house
counsel is located in Houston; Motor Components’s New York counsel therefore
sent the correspondence to Devon’s attorney in Texas.  A second letter followed
on August 12, 2009 and a third on December 10, 2009.  The parties disagreed
regarding the costs that were to be indemnified, and on December 16, 2009,
Devon filed a declaratory-judgment action asking a Harris County district court
to construe the Environmental Indemnification Agreement.  The defendants
included not only Motor Components, but also BAM, Mark IV, CLARCOR, and Purolator,
among others.  Motor Components and BAM filed a joint special appearance, which
the trial court denied, and this interlocutory appeal ensued.  

II.  Issues Presented

            In five
issues, Motor Components and BAM challenge the denial of their special
appearances.  In their first issue, they contend there is no basis for
exercising personal jurisdiction over BAM, and in their second, they argue they
have established that neither Motor Components nor BAM conducts business in
Texas.  In their third issue, they challenge the adequacy of Devon’s
jurisdictional allegations.  They assert in their fourth issue that personal jurisdiction
cannot be sustained on the basis that Motor Components’s products can be
purchased from third parties via the internet, because the products cannot be
purchased from Motor Components’s website, and in any event, its products have
no connection to this lawsuit.  In their fifth issue, they contend that letters
from Motor Components’s New York counsel to Devon’s in-house counsel cannot
support the exercise of personal jurisdiction. 

III.  Standard of Review

            We review de
novo a trial court’s denial of a nonresident defendant’s special appearance.  Kelly
v. Gen. Interior Constr., Inc., 301 S.W.3d 653, 657 (Tex. 2010).  When the
trial court issues no findings of fact and conclusions of law, we imply all
factual findings supported by the evidence that are necessary to support the
trial court’s ruling.  Id.

IV.  Analysis

            A Texas
trial court may exercise personal jurisdiction over a nonresident defendant when
authorized by the Texas long-arm statute unless doing so would violate federal
and state constitutional due process guarantees.  Id.  These guarantees
are not violated, however, if the nonresident defendant has established minimum
contacts with the forum state and the exercise of jurisdiction comports with
traditional notions of fair play and substantial justice.  Id.  “A
defendant establishes minimum contacts with a state when it ‘purposefully
avails itself of the privilege of conducting activities within the forum state,
thus invoking the benefits and protections of its laws.’”  Retamco
Operating, Inc. v. Republic Drilling Co., 278 S.W.3d 333, 338 (Tex. 2009) (quoting
Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283
(1958)).  

            The
“purposeful availment” inquiry has three parts.  Moki Mac River Expeditions
v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007).  First, only the defendant’s
contacts with the forum are relevant.  Id.  Second, the contacts on
which jurisdiction depends must be purposeful, rather than random, fortuitous,
or attenuated.  Id.  Third, “the ‘defendant must seek some benefit,
advantage or profit by “availing” itself of the jurisdiction.’”  Id.
(quoting Michiana Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777,
785 (Tex. 2005)).

            A
nonresident’s contacts can give rise to specific or general jurisdiction.  Am.
Type Culture Collection, Inc. v. Coleman, 83 S.W.3d 801, 806 (Tex. 2002) (citing
World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct.
559, 62 L. Ed. 2d 490 (1980)).  Specific jurisdiction arises when (1) the
defendant purposefully avails itself of the privilege of conducting activities
in the forum state, and (2) the cause of action arises from or is related to
those contacts or activities.  Retamco, 278 S.W.3d at 338 (citing Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d
528 (1985)).  When analyzing specific jurisdiction, we focus on the relationship
among the defendant, the forum, and the operative facts of the litigation.  Moki
Mac, 221 S.W.3d at 575.  

            Unlike
specific jurisdiction, general jurisdiction is “dispute-blind.”  PHC-Minden,
L.P. v. Kimberly-Clark Corp., 235 S.W.3d 163, 168 (Tex. 2007).  It may be
asserted over any claim, even when there is no connection between the cause of
action and the forum state.  Guardian Royal Exch. Assurance, Ltd. v. English
China Clays, P.L.C., 815 S.W.2d 223, 228 (Tex. 1991).  General jurisdiction
may be exercised only if the nonresident defendant has had continuous and
systematic contacts with the forum state over a reasonable number of years
before suit was filed.  PHC-Minden, 235 S.W.3d at 168–71.  Thus, our general-jurisdiction
inquiry requires a more demanding minimum-contacts analysis with a
substantially higher threshold than that required for specific jurisdiction.  Id.
at 168.  

A.        General
Jurisdiction

            As the basis
for general jurisdiction, Devon alleged that Motor Components “has purposefully
availed itself of the privileges and benefits of conducting business in Texas
by distributing its products through retailers such as NAPA, CarQuest, Pep
Boys, O’Reilly Auto Parts, and wholesaler AfterMark, LLC (a Texas company
located in Richardson, Texas).”  Devon further alleged that BAM is Motor
Components’s successor-in-interest and “engages in business in Texas through
Motor Components.”  

            For both
legal and evidentiary reasons, jurisdiction cannot be sustained on this basis. 
First, “stream-of-commerce analysis ‘is relevant only to the exercise of
specific jurisdiction; it provides no basis for exercising general jurisdiction
over a nonresident defendant.’”  Spir Star AG v. Kimich, 310 S.W.3d 868,
874 (Tex. 2010) (quoting Purdue Research Found. v. Sanofi-Synthelabo, S.A.,
338 F.3d 773, 788 (7th Cir. 2003)).  And although Devon produced some evidence
that on February 19, 2010—more than two months after Devon filed suit—Motor
Components’s website contained links to the websites of third-party retail
stores in Texas where its products could be purchased, such evidence is not
relevant to the jurisdictional inquiry.  See PHC Minden, 235 S.W.3d at
169 (holding that when determining whether a nonresident defendant has
continuous and systematic contacts with Texas sufficient to support general
jurisdiction, courts examine the defendant’s contacts and forum-related
activities only up to the time that suit was filed).  Second, BAM and Motor
Components produced evidence disproving Devon’s allegations.  Specifically,
they produced uncontroverted affidavit testimony that neither company has any
presence in Texas; conducts any business activity in Texas; sells any products
in Texas; owns property in Texas; employs anyone in Texas; advertises in Texas;
maintains an office, mailing address, telephone number, or bank account in
Texas; or holds director or shareholder meetings in Texas.  In addition, an
executive officer of both companies attested that Motor Components sells its
products only in New York, and BAM does not make or sell any products at all.  We
therefore sustain Motor Components and BAM’s first through fourth issues with
regard to general jurisdiction. 

B.        Specific
Jurisdiction

1.         Based
on Allegations that Defendants are “Successors” to Purolator, a Company with
Texas Contacts

            Although
BAM, Motor Components, and Purolator are distinct entities, it appears to be
Devon’s position that, at least for the purpose of specific jurisdiction, a
contract signatory’s contacts with the forum are imputed as a matter of law to one
who succeeds to and attempts to exercise the signatory’s rights under the
contract.  Devon has not stated this explicitly, but its allegations, evidence,
and argument, from its initial pleading through its post-submission brief, are
founded on this assumption.  For example, a plaintiff bears the initial burden
to plead facts sufficient to bring a nonresident defendant within reach of the
Texas long-arm statute,[1]
but in its pleadings, Devon merely identified Purolator’s various contacts with
Texas and alleged that (1) Purolator was a signatory to the Environmental
Indemnification Agreement, (2) Motor Components is Purolator’s successor-in-interest,
and (3) BAM is Motor Components’s successor-in-interest. Motor Components
agrees that it is the successor to Purolator’s rights under the Environmental
Indemnification Agreement.  BAM offered uncontroverted evidence that it is not
Motor Components’s successor and is not a successor to either party to the
Environmental Indemnity Agreement. 

Devon then
opposed BAM and Motor Components’s special appearance with evidence in which
the distinctions between these companies and Purolator were simply ignored. 
Lynn Travis, Devon’s Environmental Coordinator, testified by affidavit that “Purolator”—which
she defined as “Purolator Products Company and its successors”—routinely sent
mail and email to her in Texas.  Devon’s in-house counsel similarly attested
that “[f]or the past 18 years, Motor Components/BAM and its predecessors have
benefitted from the Agreement . . . .”  And in a post-submission brief, Devon
argued that it “pled that Motor Components was the successor to
Purolator. . . . Appellants have never disputed that Motor
Components is the successor to Purolator. . . . There is nothing
in the Clerk’s Record . . . that demonstrates that Motor Components is not the
successor to Purolator.” 

            But Motor
Components’s status as the successor to Purolator’s interest in the
Environmental Indemnification Agreement does not have the jurisdictional
significance that Devon implies.  Because Purolator, Motor Components, and BAM
are separate corporations, we presume they are distinct entities.  BMC
Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 798 (Tex. 2002).  One
corporation’s jurisdictional contacts cannot be imputed to another simply by
“blurring the distinction” between them.  See All Star Enters., Inc. v.
Buchanan, 298 S.W.3d 404, 422 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).  We are aware of no support under Texas law—and Devon conceded at oral
argument that it could cite none—for the position that a corporation’s
jurisdictional contacts are imputed automatically to a nonresident that
succeeds to the corporation’s contract rights.    

            In a
post-submission brief, however, Devon asserted that under Patin v.
Thoroughbred Power Boats, Inc., 294 F.3d 640 (5th Cir. 2002), “a successor
corporation deemed to be a mere continuation of its predecessor is bound by the
predecessor’s submission to the jurisdiction of a court.”  The “continuation”
theory is an exception to the traditional rule that a successor corporation
does not assume the liabilities of a predecessor.  Id. at 649.  The
question of whether one corporation is liable for another’s actions is distinct
from the question of whether one corporation’s jurisdictional contacts may be
imputed to another,[2]
but in some jurisdictions, “[i]f a court has personal jurisdiction over the
predecessor in interest, once successor liability is established, personal
jurisdiction over the successor in interest necessarily exists.”  Select
Creations, Inc. v. Paliafito Am., Inc., 852 F. Supp. 740, 765 (E.D. Wis.
1994).  Thus, Devon now asserts that the exercise of personal jurisdiction is
appropriate in this case because “[t]he undisputed evidence before the trial
judge was that Motor Components/BAM is a mere continuation of Purolator.”  

            There are
insurmountable problems with this argument.  First, BAM denied it was a
successor of any sort and therefore cannot be liable under a continuation
theory.  Devon did not present any evidence to controvert this.     

Second,
this is a declaratory-judgment action in which Devon seeks clarification of its
own contractual obligations.  It is not a suit in which Devon seeks to impose
liability on BAM and Motor Components.  

            Third, Devon
did not previously allege that either of these defendants was a mere
continuation of Purolator, and BAM and Motor Components were required to negate
only those bases for jurisdiction that were alleged in the trial court.  See
Kelly, 301 S.W.3d at 658.  At least one court could be said to have treated
the word “successor” as if it were synonymous with “mere continuation” or “the
same entity.”  See Purdue Research Found, 338 F.3d at 783–84.  But this is
not the way the term is used by most other courts—including the Patin court—when
discussing whether contacts of one company can be imputed to another.  See
Patin, 294 F.3d at 654 (“[A] successor corporation that is deemed to be
a ‘mere continuation’ of its predecessor corporation can be bound by the
predecessor corporation’s voluntary submission to the personal jurisdiction of
a court.”) (emphasis added); Williams v. Bowman Livestock Equip. Co.,
927 F.2d 1128, 1131 (10th Cir. 1991) (“A corporation’s contacts with a forum
may be imputed to its successor if forum law would hold the successor liable
for the actions of its predecessor.”) (emphasis added); Dlorah, Inc. v.
Nau Holdings, LLC, No. CIV 08-5091-RHB, 2009 WL 1107533, at *3 (D.S.D. Apr.
23, 2009) (declining to impute jurisdictional contacts based on conclusory
allegations of successor liability); Alves v. Players Edge, Inc., No.
05CV1654 WQH(CAB), 2007 WL 6004919, at *7 (S.D. Cal. Aug. 8, 2007) (no
jurisdiction where plaintiff provided neither factual allegations nor evidence
that successor-in-interest would be subject to successor liability).  Moreover,
Devon, Motor Components, and BAM also have not used the term “successor” in
this suit to mean “mere continuation” or “the same entity.”  Although Devon
alleged that Motor Components is Purolator’s successor, and BAM is Motor
Components’s successor, all three companies still exist and each is a defendant
in this suit.    

            Fourth, Patin
was decided under Florida law.  See Patin, 294 F.3d at 650.  Devon
has never argued that Florida law applies, and our law is different.  The Texas
legislature rejected long ago the “continuation” doctrine of implied successor
liability on which this jurisdictional theory is based.  See Act of May
4, 1979, 66th Leg., R.S., ch. 194, § 1, 1979 Tex. Gen. Laws. 422, 422–23
(amended 1987, 1991, 1993, & 1997; recodified 2003) (current version at Tex. Bus. Orgs. Code Ann. § 10.254
(West 2009)); Shapolsky v. Brewton, 56 S.W.3d 120, 137–38 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied) (explaining that just as liability
cannot be transferred under a “mere continuation” theory, one company’s contacts
cannot be imputed to its successor for purposes of establishing personal
jurisdiction), abrogated on other grounds by Michiana Easy Livin’
Country, 168 S.W.3d at 789–90 & n.63 (Tex. 2005); Mudgett v. Paxson
Machine Co., 709 S.W.2d 755, 758 (Tex. App.—Corpus Christi 1978, writ ref’d
n.r.e.) (“Certainly if the de facto merger doctrine is contrary to the public
policy of our state, so must be the mere continuation doctrine.”); see also
McKee v. Am. Transfer & Storage, 946 F. Supp. 485, 487 (N.D. Tex. 1996)
(“The Texas Business & Corporations Act
eliminates the doctrine of implied successor liability.”)  The earlier codification of the statute as article
5.10(B) of the Business Corporation Act eliminated the “continuation” theory of
liability as to both domestic and foreign corporations.  Lockheed
Martin Corp. v. Gordon, 16 S.W.3d 127, 139 (Tex. App.—Houston [1st Dist.]
2000, pet. denied).  The current version applies only to domestic
entities.  See Tex. Bus. Orgs.
Code Ann. § 10.254. 

It is impossible to determine which version of the
statute applies because Devon’s factual allegations do not include the
date on which Motor Components succeeded to Purolator’s rights under the 1992
Environmental Indemnification Agreement.  Devon does not argue that another
state’s law should govern the jurisdictional issue here and did not ask the
trial court or this court to take judicial notice of any other state’s laws; therefore,
we will assume Texas law applies.  See Burlington N. & Santa Fe Ry. Co.
v. Gunderson, Inc., 235 S.W.3d 287, 290–92 (Tex. App.—Fort Worth 2007, pet.
withdrawn) (absent a motion to take judicial notice of another state’s laws,
courts may apply Texas law, and they are entitled to presume that, “whichever
state’s law applied, it is identical to Texas law”) (emphasis added).  And
under Texas law, we do not automatically impute the predecessor’s
jurisdictional contacts to the successor.  Shapolsky, 56 S.W.3d at
137–38.

            Our record
contains no document identifying the rights or liabilities Motor Components
assumed under the 1992 Environmental Indemnification Agreement.  We only know
that it is Purolator’s successor under the contract, and the contract itself
does not contain an agreement to submit to jurisdiction in Texas.  Thus the
1992 Environmental Indemnification Agreement does not support jurisdiction.

            Because
Purolator’s contacts cannot be imputed to Motor Components, we sustain their
first through fourth issues as they pertain to specific jurisdiction.

            2.         Based on Letters Between Counsel

            In
a surreply to the special appearance, Devon argued that the trial court could
exercise specific jurisdiction over Motor Components and BAM because Motor
Components’s attorney wrote three letters to Devon’s counsel about the
Environmental Indemnification Agreement.[3]  This evidence cannot support a finding of jurisdiction
because it demonstrates only Devon’s unilateral choice to locate the offices of
its in-house counsel in Texas.  See Burger King, 471 U.S. at 475, 105 S.
Ct. 2174 (explaining that jurisdiction cannot be based on the unilateral
activity of a third party); see also Johns Hopkins Univ. v. Nath, 238
S.W.3d 492, 501 (Tex. App.—Houston [14th Dist.] 2007, pet. denied) (employment
of ten Texas residents did not show purposeful availment because their
residency was based on their own choice or a third party’s requirements). 
Devon’s receipt of the letters in Texas is merely fortuitous because Motor
Components had no control over the location of Devon’s counsel.  See Sussman
v. Old Heidelburg, Inc., No. 14-06-00116-CV, 2006 WL 3072092, at *3 (Tex.
App.—Houston [14th Dist.] Oct. 31, 2006, no pet.) (mem. op.) (demand letters
sent to Texas from New York attorney who had no control over recipient’s choice
of location do not support specific jurisdiction).[4]

            We
sustain Motor Components’s and BAM’s fifth and final issue.  Because we
have determined that Motor Components and BAM did not have sufficient contacts
with Texas to establish personal jurisdiction, we need not address their arguments
that exercising jurisdiction over them offends traditional notions of fair play
and substantial justice.  See Peredo v. M. Holland Co., 310 S.W.3d 468,
476 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

 

V.  Conclusion

            Although the
trial court impliedly found that Motor Components and BAM had sufficient
contacts to support the exercise of personal jurisdiction, the record does not
support this finding.  We therefore reverse the trial court’s denial of their
joint special appearance and remand the case with instructions to the trial
court to dismiss with prejudice Devon’s claims against Motor Components and BAM
and to sever them from the remainder of the suit.   

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

Panel consists of Justices Seymore, Boyce, and
Christopher.









[1] See Kelly, 301
S.W.3d at 658.  





[2] See PHC-Minden,
235 S.W.3d at 174–75.





[3] A
fourth letter cannot be considered because it was sent after suit was filed.  See
PHC Minden, 235 S.W.3d at 169.  





[4] The same is true of any
correspondence between Motor Components or BAM and Devon’s Environmental
Coordinator, who also was located in Texas.