# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 6, 2025

Lyle W. Cayce
Clerk

No. 24-50251

_____

JACOB ROSE, *Individually and on behalf of all other similarly situated*;
DERRICK BOYD; ROBERTO CASTANEDA; GERMAYNE EDMOND;
STEVEN EDMOND, JR.; KELAND GIPSON; REGINALD HOGG;
JIMMY KUHN; SIONE LATU; JUSTIN LEWIS; HECTOR SALAZAR;
VEHIKITE TAULAKI; HAFOKA OLIE; GODFREY WILLIAMS;
TEDDY WOODS,

*Plaintiffs—Appellants*,

*versus*

GRAPPLER PRESSURE PUMPING, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CV-126

_____

Before HIGGINBOTHAM, WILLETT, and HO, *Circuit Judges*.
PER CURIAM:*

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-50251

This case concerns the application of successor liability doctrine to claims under the Worker Adjustment and Retraining Notification (WARN) Act. On these facts, successor liability does not apply, so we AFFIRM.

I

Plaintiffs are former employees of Legend Energy Services, LLC who were terminated as part of mass layoffs in 2021. They filed a class action lawsuit in July 2021 alleging that Legend violated the WARN Act by terminating them without advance written warning.

Later in 2021, Legend filed for bankruptcy. Plaintiffs renewed their WARN Act claim against Legend in the bankruptcy court as an adversary proceeding. This time, they also joined as a co-defendant Grappler Pressure Pumping, L.L.C., arguing that Grappler, which had acquired some of Legend's assets, was liable for the WARN Act violation as Legend's successor. The bankruptcy court dismissed the adversary proceeding as untimely. It noted, however, that the dismissal was "without prejudice as to any claims which may exist directly between any of the Plaintiffs, Jacob Rose, et[] al[.], any putative class members who did not receive timely or proper notice of the underlying bankruptcy or claims bar date, if any, and the Defendant, Grappler Pressure Pumping, over which this [c]ourt may lack jurisdiction."

After the bankruptcy court dismissed the adversary proceeding, Plaintiffs renewed their claims against Grappler in the district court, again asserting a theory of successor liability. Grappler moved to dismiss under Rule 12(b)(6), and the district court granted the motion, finding that "liability through a successor theory should not be imposed against Grappler here because the legal context and factual circumstances advise against extending the doctrine for Plaintiffs' WARN Act claims." Plaintiffs filed a

motion for reconsideration, which the district court construed as a motion under Rule 59(e) and denied.

Plaintiffs now appeal, arguing that the successor liability doctrine applies to WARN Act claims, and therefore the district court erred in dismissing their complaint and abused its discretion by denying their motion for reconsideration. We disagree and AFFIRM.

## II

"We review de novo a dismissal under Rule 12(b)(6)." *Moon v. City of El Paso*, 906 F.3d 352, 357 (5th Cir. 2018). "To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

We review rulings on motions for reconsideration under Rule 59(e) for abuse of discretion but review questions of law de novo. *See Merritt Hawkins & Assocs. v. Greesham*, 861 F.3d 143, 157 (5th Cir. 2017).

## III

### A

The doctrine of successor liability is an exception to the general rule that a purchaser of assets does not acquire the seller's liabilities. 51 C.J.S. *Labor Relations* § 69 (2024). The doctrine "is derived from labor law principles" enunciated by the Supreme Court and serves "to protect an employee when the ownership of his employer suddenly changes." *Rojas v. TK Commc'ns*, 87 F.3d 745, 749–50 (5th Cir. 1996). Courts have applied successor liability to labor relations cases and in other employment contexts, including Title VII, the Fair Labor Standards Act, the Americans with Disabilities Act, the Uniformed Services Employment and Reemployment

No. 24-50251

Rights Act, and the Employee Retirement Income Security Act. *See, e.g.*, *Rojas*, 87 F.3d at 750 (Title VII); *Valdez v. Celerity Logistics*, 999 F. Supp. 2d 936, 941 (N.D. Tex. 2014) (FLSA); *McKee v. Am. Transfer & Storage*, 946 F. Supp. 485, 487 (N.D. Tex. 1996) (ADA); *Murphee v. Communications Techs.*, 460 F. Supp. 2d 702, 707–09 (E.D. La. 2006) (USERRA); *Schutze v. Fin. Computer Software*, No. 2:04-cv-276-H, 2006 WL 2842008, at *10–11 (N.D. Tex. Sept. 29, 2006) (ERISA). Yet we have not found any court that has applied the successor liability doctrine to WARN Act claims,[1] and at least one district court has outright rejected such application. *See McCaffrey v. Brobeck, Phleger & Harrison, L.L.P.*, No. C 03-2082 CW, 2004 WL 345231, at *3 (N.D. Cal. Feb. 17, 2004) (concluding that, because the WARN Act's text explicitly addresses liability of sequential business owners, "the doctrine of successor liability, as it has developed in federal labor law, is inapplicable").

We do not decide today whether successor liability categorically can or cannot apply to WARN Act claims. Instead, we assume without deciding that it can, and find that successor liability is inapplicable to the facts of this case. *See Howard Johnson Co. v. Detroit Local Joint Executive Bd., Hotel & Rest. Emp. & Bartenders Intern. Union, AFL-CIO*, 417 U.S. 249, 256 (1974) (In addressing successorship, "emphasis on the facts of each case as it arises is especially appropriate."); *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 750 (7th Cir. 1985) (noting that, even where successor liability can apply, "[e]ach case must be determined on its own facts").

---

[1] Plaintiffs argue that we held successor liability applies to WARN Act claims in *Hollowell v. Orleans Regional Hospital*, 217 F.3d 379, 390–91 (5th Cir. 2020). Not so. In that case, we did not apply the federal doctrine of successor liability to the WARN Act claims. Instead, we affirmed the jury's finding of successor liability under Louisiana law. *See id.*

No. 24-50251

We analyze three main factors for imposing successor liability: (1) substantial continuity of business operations from the predecessor to its successor; (2) notice to the successor of the charge or pending lawsuit prior to acquiring the predecessor's assets; and (3) the predecessor's ability to provide relief. *See Rojas*, 87 F.3d at 750; *see also Powe v. May*, 62 Fed. App'x 557, 2003 WL 1202795, at *1 (5th Cir. March 3, 2003). We may also consider the "balance of the equities" and the policies underlying the successor-liability doctrine and the federal labor law at issue. *See Powe*, 2003 WL 1202795 at *1.*; see also Rojas*, 87 F.3d at 750.

Plaintiffs' complaint, though sparse, plausibly alleges substantial continuity between Legend and Grappler. It states that Grappler uses the same machinery, equipment, and method of production, employs at least one of the same supervisors, produces the same products and services, and provides the same jobs under "substantially the same working conditions" as Legend. *See Bates v. Pac. Mar. Ass'n*, 744 F.2d 705, 710 (9th Cir. 1984) (finding substantial continuity where successor had same operations, same service, same equipment, same location, and same customers as predecessor); *Murphree*, 460 F. Supp. 2d at 709 (finding fact dispute existed as to substantial continuity where successor retained continuity of equipment, continuity of some employees, "similarity of jobs and working conditions," and the same basic functions and services as predecessor).

But, even if the substantial continuity factor favors Plaintiffs, the other factors for successor liability decidedly weigh against them.

As to notice, the complaint makes only the conclusory statement that "When [Legend's] assets were transferred, [Grappler] had notice of the WARN Act claims." It does not state when or how Grappler received notice, or even when the assets were transferred. Without more, we cannot plausibly infer that Grappler had notice of Plaintiffs' claims before purchasing

Legend's assets. *See Valdez v. Celerity Logistics*, 999 F. Supp. 2d 936, 945–46 (N.D. Tex. 2014) (holding that plaintiffs failed to state a plausible claim for successor liability where complaint alleged substantial continuity but failed to include allegations establishing notice).

As to Legend's ability to provide relief, although Legend may be without sufficient assets post-bankruptcy, Plaintiffs could have—and did— seek relief from Legend in the adversary proceeding before the bankruptcy court. It is therefore not the case that they were "left without a legally responsible party." *Rego v. ARC Water Treatment Co. of Penn.*, 181 F.3d 396, 402 (3d Cir. 1999) (finding no successor liability). Because Plaintiffs had a "realistic remedy" against Legend in the bankruptcy court, the third factor weighs against them, and their claim for successor liability against Grappler must fail. *See Howard Johnson Co.*, 417 U.S. at 257, 264–65 (finding no successor liability where "realistic remedy" existed against predecessor).

Finally, we agree with the district court's balance of the equities considering the specific legal and factual context of this case. Applying the successor-liability doctrine to entities who acquire assets from a company in bankruptcy would upend the Bankruptcy Code's priority scheme and create perverse incentives for the bankrupt entity trying to sell its assets. *See Rose v. Grappler Pressure Pumping*, 721 F. Supp. 3d 510, 518 (W.D. Tex. 2024) (first citing *In re Trans World Airlines*, 322 F.3d 283 (3d Cir. 2003); then citing *Teed v. Thomas & Betts Power Sols.*, 711 F.3d 762, 769 (7th Cir. 2013)). And the policy underlying the successor-liability doctrine—"to protect an employee when the ownership of his employer suddenly changes"—is not implicated here because Plaintiffs *were* protected. *Rojas*, 87 F.3d at 750. They could— and did—file claims against Legend in the bankruptcy proceeding. Those claims failed not because Legend couldn't provide relief but because Plaintiffs did not timely file them. Successor liability is "premised on the idea that the creditor cannot obtain satisfaction from the predecessor."

*Brzozowski v. Corr. Physician Servs.*, 360 F.3d 173, 179 (3d Cir. 2004). Because such satisfaction from Legend was possible, but Plaintiffs failed to obtain it through their own fault, we find it inequitable to give Plaintiffs a second bite at the apple by holding Grappler liable under the successor doctrine.

B

Plaintiffs next argue that, even if the district court was correct in finding that successor liability did not apply to its claims as pleaded, the district court abused its discretion in denying their motion for reconsideration.

The district court's reconsideration order rejected both arguments that Plaintiffs now make on appeal. We hold that it did not abuse its discretion in doing so.

First, Plaintiffs argue that the district court erred in dismissing the case without leave to amend their complaint. But the district court's reconsideration order clearly explained that the dismissal "was not based on what facts Plaintiffs did or did not allege; no amount of discovery can change the key factual circumstances here." We agree. More discovery and the chance to amend would not change the key facts weighing against Plaintiffs' case for successor liability: the unique context of the Chapter 7 bankruptcy and the opportunity Plaintiffs had there to seek relief from Legend. Leave to amend the complaint would thus be futile, and the district court did not abuse its discretion in denying it. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.").

Second, Plaintiffs argue that the district court erred by declining to reconsider its dismissal order based on "newly acquired evidence." They argue that their "new" evidence shows that Grappler and Legend collaborated for fraudulent purposes. For example, Plaintiffs point to "public

records and publicly available information" establishing that Grappler was formed before Legend filed for bankruptcy and that Grappler employs some of the same executives as Legend did. They also point to a fraudulent transfer action that the bankruptcy trustee filed regarding transactions between Legend, Grappler, and an affiliate entity. But the district court's reconsideration order clearly explained none of this evidence is new. Plaintiffs could have found and brought the "publicly available" information and the trustee's fraudulent transfer filing to the district court's attention long before it issued the order dismissing Plaintiffs' case. The district court therefore did not abuse its discretion in denying the motion for reconsideration based on this evidence. *See Infusion Resources v. Minimed*, 351 F.3d 688, 696–97 (5th Cir. 2003) (A "motion to reconsider should not be granted unless . . . the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence[.]").

IV

Because we hold that (1) successor liability should not apply under the facts of this case, and (2) the district court did not abuse its discretion in denying Plaintiffs' motion for reconsideration, we AFFIRM.